ZEHMER, Judge
(dissenting).
I would reverse and remand for a new trial because the trial court erred in admitting, over appropriate objection, the so-called similar fact evidence of a prior offense.
In Garrette v. State, 501 So.2d 1376 (Fla. 1st DCA 1987), we stated that in determining the admissibility of similar fact evidence under section 90.404(2)(a), Florida Statutes (1985), the court must consider and weigh the similarities and dissimilarities between the crime charged and the collateral crime. However, general similarities are not sufficient:
There must be identifiable points of similarity which pervade the compared factual situations. Given sufficient similarity, in order for the similar facts to be relevant, the points of similarity must have some special character or be so unusual as to point to the defendant.
Garrette v. State, at 1378 (quoting Peek v. State, 488 So.2d 52 (Fla.1986)).
Only general similarities exist between the two incidents. In both, appellant was traveling in an automobile in which law enforcement officers found various amounts of marijuana. From this point on the facts are dissimilar. The first incident, some five months before the charged offense occurred, involved an automobile being driven by appellant with no one else present, and two-and-one-half pounds of marijuana were found in the vehicle’s trunk. In the instant case, appellant was one of three passengers in a car over which he did not have control. The driver Kazan, testifying for the state, admitted the small bag of marijuana found in the passenger compartment between the two front seats was his. Kazan also admitted the larger quantity of marijuana found in Kazan’s shaving kit and hanging bag in the trunk were his. Trooper Stalworth testified he found “a small baggie of marijuana” in appellant’s camera bag.[1] This was the only evidence to link appellant to any of the marijuana in the automobile.
The similarities between the two incidents do not have the required “special character” or are so unusual as to point to the defendant. There are no similarities possessing such unusual or special character which pervade the compared factual situations. In my opinion, the only purpose served by admitting the evidence of the prior incident was to show the defendant’s propensity to commit crime, a purpose clearly prohibited by section 90.404(2)(a). Certainly the compared factual situations in the instant case are no more similar than the similar fact evidence held inadmissible in Garrette. It was not argued that appellant did not know what marijuana looked or smelled like; the only issue involved was whether there was in fact any marijuana in his camera case, and appellant’s testimony denied this fact. Unless the decision in Garrette is wrong, the majority decision in this case must be in error, for I am unable to rationally distinguish the two decisions.
I would, therefore, follow Garrette and reverse for the erroneous admission of the similar fact evidence. Such error is presumed to be harmful, and since the only evidence competently connecting the appellant to the marijuana found in his camera case is the testimony of Trooper Stalworth *537 (Torres denied that any of the drug was in his case), the error cannot be treated as harmless. See Garrette.

. Trooper Stalworth testified, when identifying the marijuana supposedly taken from the camera case, he was "not positive” that it came from that case, but that "the only thing I am certain about is the marijuana came from that vehicle.” He maintained, however, that he did find marijuana in the camera bag (R. 47-48).